UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CR-00621-AGF |
| | ) |
| STEPHEN M. SNYDER, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES

The parties are defendant Stephen M. Snyder (hereinafter "Defendant"), represented by defense counsel Michael Skrien, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Count I of the Indictment, the Government agrees no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the indictment.

1

In addition, the parties agree the U.S. Sentencing Guidelines Total Offense Level analysis, agreed to by the parties herein, is the result of negotiations and led, in part, to the guilty plea. The parties further agree either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand the Court is neither a party to nor bound by the Guidelines recommendations contained herein.

### 3. ELEMENTS

As to Count I, Defendant admits to knowingly violating 21 U.S.C. § 841(a), admits there is a factual basis for the plea, and fully understands the elements of the crime are as follows:

- **A.** *One*, on or about January 25, 2021, within the Eastern District of Missouri, Defendant possessed a mixture or substance containing methamphetamine; and
- **B.** *Two,* Defendant knew he was in possession of a controlled substance; and
- **C.** *Three,* Defendant intended to distribute some or all of the mixture or substance containing methamphetamine to another person; and
- **D.** *Four*, the amount of mixture or substance containing methamphetamine involved was 50 grams or more.

### 4. FACTS

The parties agree the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On January 25, 2021, officers with the Hannibal Police Department ("HPD") attempted to stop a black Ford 4500 sedan with expired plates driven by Defendant. A chase ensued, which was

recorded by dashcam footage, in which the Ford sedan reached speeds of up to 55 miles per hour in a residential area while also failing to abide by street signs, including at least one stop sign. The Ford sedan was eventually abandoned, while still in movement, after it suffered tire damage from deployed spike strips. Defendant then continued to evade police on foot, eventually hiding behind a trash can at a residence near the 1500 block of Paris Avenue. Defendant was found shortly thereafter. He was handcuffed and searched incident to arrest. HPD officers located three baggies of suspected methamphetamine and $399.50 in U.S. currency in Defendant's clothing. The baggies field-tested positive for methamphetamine. A nearby resident had also informed police that Defendant had attempted to enter her home in an effort to hide from police. This same resident later provided security camera footage that showed Defendant, wearing a backpack, trying to hide from police as he ran towards the residence's backdoor porch.

Defendant was then transported to the Marion Country Jail. There, he was advised of his Miranda rights and agreed to speak with investigators. On a video-taped confession, Defendant admitting to purchasing the three baggies of seized methamphetamine days earlier and further admitted to selling methamphetamine to at least three people in the local area.

On January 26, 2021, HPD officers were contacted by a resident at the 1500 block of Paris Avenue concerned that a juvenile had found a backpack while waiting at their school bus stop. That backpack was the same one as shown in the security camera footage worn by Defendant. It contained eight baggies of suspected methamphetamine, several empty sandwich bags, a digital scale with white residue upon it, two syringes, and a used glass pipe. The baggies were field-tested positive for methamphetamine. Also inside were six receipts, including a money order receipt dated January 12, 2021, with sender information identifying Defendant. This particular money

order was later traced to a local Walmart location, and video security evidence from that Walmart location confirmed Defendant's money order transaction; as seen from the video evidence, Defendant was, in fact, wearing the same coat and hat he wore at the time of his arrest.

HDP officers then met with Defendant, again, to ask about the backpack. He was advised of his Miranda rights. In a video-taped confession, Defendant admitted to owning the backpack with "dope in it." When asked where he was getting such quantities of methamphetamine, Defendant admitted to purchasing these quantities from someone he suspected was in the Mexican Cartel.

The St. Louis City Metropolitan Police Department Drug Lab had evaluated all eleven bags seized from Defendant's person and his backpack. In total, the lab determined there to be <u>457.48 grams</u> of seized methamphetamine (purity not tested), which is attributable to Defendant.

Although the amount of methamphetamine attributable to Defendant is difficult to calculate with precision, the parties are in agreement that, based upon the known evidence and including relevant conduct, Defendant is accountable for at least 350 grams but less than 500 grams of methamphetamine. Expert testimony in the event of trial would establish this amount of methamphetamine is an amount that is inconsistent with an amount possessed purely for personal use, and is consistent with an amount possessed for distribution.

## 5. STATUTORY PENALTIES

As to <u>Count I</u>, Defendant fully understands the maximum possible penalty provided by law, pursuant to 21 U.S.C. § 841(b)(1)(B), for the crime to which Defendant is pleading guilty is: imprisonment of not more than 40 years; a fine of not more than $5,000,000.00; or both such imprisonment and fine. The Court shall also impose a period of supervised release of at least four

4

(4) years. **Defendant also fully understands the crime in Count I to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least five (5) years, unless 18 U.S.C. § 3553(e) should apply**

### 6. U.S. SENTENCING GUIDELINES (2018 MANUAL)

Defendant understands the offenses is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

**A. Chapter 2 Offense Conduct**

**(1) Base Offense Level:** The parties agree the **Base Offense Level is 28**, as found in Section 2D1.1(c)(6). The parties agree that the quantity of methamphetamine-mixture for which Defendant is accountable, including relevant conduct, is 457.48 grams—this amount thus falling between Section 2D1.1(c)(6)'s range of 350 to 500 grams of methamphetamine-mixture.

**B. Specific Offense Characteristics**

The parties agree the following Specific Offense Characteristics apply: **NONE.**

**C. Chapter 3 Adjustments**

The parties agree that the following adjustments under Chapter 3 apply:

(1) **U.S.S.G. § 3C1.2—Reckless Endangerment During Flight:** The parties agree **two (2) levels should be added** pursuant to Section 3C1.2 because Defendant's flight from police on January 25, 2021, recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement. Defendant's

5

conduct included high-speed pursuit in a residential area, failure to abide by street signs, an attempt to enter the home of another in an attempt to hide, and the disposal of a backpack containing narcotics in a neighborhood frequented by juveniles.

**(2) U.S.S.G. § 3E1.1—Acceptance of Responsibility:** The parties agree **three (3) levels should be deducted** pursuant to Section 3E1.1(a) and (b) because Defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of Defendant's intention to plead guilty. The parties agree Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by Defendant that it believes is inconsistent with Defendant's eligibility for this deduction, the Government may, without violating the plea agreement, present said evidence to the Court and argue that Defendant should not receive all or part of the deduction pursuant to Section 3E1.1.

**D. Other Adjustments**

The parties agree the following additional adjustments apply: **NONE**.

**E. Disputed Adjustments: NONE**.

**F. Estimated Total Offense Level:** The parties estimate the **Total Offense Level is 27**, unless Defendant is a Career Offender. Depending on the underlying offense and Defendant's criminal history, Defendant could be deemed a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these

possibilities with counsel. Both parties reserve the right to argue Defendant is or is not a Career Offender.

**G. Criminal History:** The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and during sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

**H. Effect of Parties' U.S. Sentencing Guidelines Analyses:** The parties agree the Court is not bound by the Guidelines analyses agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement in such an event. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

**A. Rights to Appeal:** Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under 18 U.S.C. § 3742.

**(1) Waiver of Non-Sentencing Issue Appealability:** The ***parties hereby waive all rights to appeal all non-jurisdictional, non-sentencing issues***, including but not limited to any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of

the statute(s) to which Defendant is pleading guilty, and whether Defendant's conduct falls within the scope of the statute(s).

**(2) Waiver of Sentencing Issue Appealability:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable Sentencing Guidelines range, sentences Defendant within or below that range, then, as part of this agreement, *Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category*. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences Defendant within or above that range.

**B. Waiver of Habeas Corpus Relief:** *Defendant agrees to waive all rights to contest the conviction or the sentence in any post-conviction proceeding*, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C. Waiver of Right to Records:** Defendant *waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case*, including any record(s) that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552(a).

**8. OTHER AGREED-UPON PROVISIONS**

**A. Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office

8

prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**B. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

**C. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

**D. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a **total special assessment of $100**, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E. Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of 18 U.S.C. § 3143.

**F.  Fines, Restitution, Costs of Incarceration & Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees any fine imposed by the Court will be due and payable immediately.

**G. Forfeiture of Items Seized:** Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, Defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

**9. ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS**

In pleading guilty, Defendant acknowledges, fully understands, and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel attendance of

witnesses. Defendant further understands that, by entering this guilty plea, Defendant expressly waives all rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of waiving these rights. Defendant fully understands that, as a result of the guilty plea, no trial will occur and the only action remaining to be taken in this case is to impose a sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the Government's evidence and discussed the Government's case—including all possible defenses and defense witnesses—with defense counsel. Defense counsel has completely and satisfactorily explored all areas that Defendant has requested relative to the Government's case and any defenses.

The guilty plea could impact Defendant's immigration status or result in deportation. In particular, if any crime to which Defendant is pleading guilty is an "aggravated felony," as defined by 8 U.S.C. § 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised Defendant of the possible immigration consequences, including deportation, resulting from the plea.

### 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT

This document constitutes the entire agreement between Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states no person has, directly or indirectly, threatened or coerced

Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

### 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if Defendant commits any crime (other than minor traffic offenses), violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete, or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, then the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

### 12. NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Rules 11(c) and 11(d) of Federal Rules of Criminal Procedure, Defendant understands there will be no right to withdraw the plea entered under this agreement except where the Court rejects those portions of the plea agreement that deal with charges the Government agrees to dismiss or not to bring.

*[Remainder of Page Intentionally Left Blank]*

10/4/22
Date

_[signature]_
SHANE K. BLANK, #65787MO
Assistant United States Attorney

9-28-22
Date

_[signature]_
STEPHEN M. SNYDER
Defendant

10-3-22
Date

_[signature]_
MICHAEL SKRIEN
Attorney for Defendant

13